UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELLE SINGER, and ALYSON SINGER, on behalf of themselves and all other similarly situated persons, known and unknown,<br><br>    Plaintiffs,<br><br>v.<br><br>LOCKPORT BEEF, LLC, ORLAND BEEF, LLC, ROMEOVILLE BEEF, LLC, ELMHURST BEEF, LLC, MOTTO BROTHERS, LLC, and MICHAEL MOTTO, individually,<br><br>    Defendants. | |

**COMPLAINT AT LAW**

  Plaintiffs, Michelle Singer and Alyson Singer, on behalf of themselves and all other similarly situated persons, known and unknown, by and through their attorneys, Caffarelli & Siegel Ltd., for their Complaint at Law, complain against Defendants Lockport Beef, LLC, Orland Beef, LLC, Romeoville Beef, LLC, Elmhurst Beef, LLC, Motto Brothers, LLC (collectively "Pop's" or "Corporate Defendants"), and Michael Motto, individually, as follows:

**NATURE OF ACTION**

  1. This is a class action under the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1, *et seq.*, ("IWPCA"), and a collective action arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for Defendants' failure to pay Plaintiff and the Plaintiff Class overtime wages and for all hours worked. Plaintiffs also allege individual claims under the IWPCA for unlawful deductions from their wages.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. The unlawful employment practices described herein were committed within the State of Illinois, at Defendant's facilities in Cook, Will and DuPage Counties. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Michelle Singer resides in and is domiciled in this judicial district.

5. Alyson Singer resides in and is domiciled in this judicial district.

6. Plaintiffs and the class they seek to represent (the "Plaintiff Class") are current and former hourly employees who worked for Defendants and were not paid overtime and/or for all time worked, including on the clock time that was rounded to their detriment. As a result, Plaintiffs and the Plaintiff Class were not paid wages, including overtime, as required by the IMWL, IWPCA and FLSA.

7. During the relevant statutory periods, Plaintiffs were employed by Defendants as "employees" as defined by the IMWL, IWPCA, and FLSA.

8. During the course of their employment, Plaintiffs handled goods that moved in interstate commerce and they were not exempt from the maximum hours provisions of the IMWL, 820 Ill. Comp. Stat. 105/4a, or the FLSA, 29 U.S.C. § 207.

9. Lockport Beef, LLC is an Illinois limited liability company doing business within this judicial district. Lockport Beef, LLC is a restaurant, and does business as Pop's Italian Beef and Sausage.

10. Orland Beef, LLC is an Illinois limited liability company doing business within this judicial district. Orland Beef, LLC is a restaurant, and does business as Pop's Italian Beef and Sausage.

11. Romeoville Beef, LLC is an Illinois limited liability company doing business within this judicial district. Romeoville Beef, LLC is a restaurant, and does business as Pop's Italian Beef and Sausage.

12. Elmhurst Beef, LLC is an Illinois limited liability company doing business within this judicial district. Elmhurst Beef, LLC is a restaurant, and does business as Pop's Italian Beef and Sausage.

13. Motto Brothers, LLC is an Illinois limited liability company doing business within this judicial district. Motto Brothers, LLC is a restaurant, and does business as Pop's Italian Beef and Sausage.

14. Defendant Michael Motto is an owner and/or manager of the Corporate Defendants. During the relevant time period, Defendant Michael Motto had the authority to, and did, hire and fire Corporate Defendants' employees; direct and supervise the work of Corporate Defendants' employees; sign on Corporate Defendants' checking accounts, including payroll accounts; and make or participate in decisions regarding employee compensation for each Corporate Defendant.

## FACTUAL ALLEGATIONS

15. The Corporate Defendants all do business as, and market themselves to the public as "Pops Italian Beef and Sausage."

16. The Corporate Defendants share a common website, www.popsbeef.com, and are each listed as locations on the website.

3

17. The Corporate Defendants share common ownership and common management.

18. The Corporate Defendants have a centralized payroll process.

19. Defendants regularly transfer employees among the Corporate Defendants' locations.

20. Plaintiff Michelle Singer was employed by Defendants from on or about August 2011 until on or about December 2013.

21. Plaintiff Alyson Singer was employed by Defendants from on or about March 2012 until on or about November 2013.

22. Throughout their employment, Plaintiffs were paid on an hourly basis.

23. Throughout Plaintiffs' employment, the compensation Defendants paid to them fluctuated depending on the number of hours Plaintiffs worked.

24. Defendants paid Plaintiffs, and all other members of the Plaintiff Class, via check for the first twenty (20) hours worked per week. Defendants paid all remaining hours worked per week in cash.

25. During her employment with Defendants, there were weeks that Plaintiff Michelle Singer worked in excess of forty (40) hours.

26. During her employment with Defendants, there were weeks that Plaintiff Alyson Singer worked in excess of forty (40) hours.

27. Other members of the Plaintiff Class have worked in excess of forty (40) hours per week.

28. Defendants pay employees in fifteen (15) minute increments; however, they only round to the benefit of the employer and to detriment of the employee. Specifically, an employee must work the entire fifteen (15) minute period in order to be paid for it. For example,

if an employee punches in at the beginning of his/her shift one (1) minute late, he/she will not be paid until the next fifteen (15) minute period begins (i.e. the employee will not be paid for the intervening fourteen (14) minutes). Similarly, if an employee punches in fourteen (14) minutes early, he/she will not get credit for the fourteen (14) minutes he/she is "on the clock." Likewise, if an employee punches out at the end of his/her shift one (1) minute early, he/she will not get paid for the previous fourteen (14) minutes "on the clock", and if the employee punches out fourteen (14) minutes after the end of his/her scheduled shift, Defendants will round his/her time down to the beginning of the fifteen (15) minute interval.

29. Plaintiffs, as well as all other members of the Plaintiff Class, are not paid for all time worked due to Defendants' rounding policy.

30. Defendants failed to compensate Plaintiffs and other employees at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

31. This failure to compensate Plaintiffs for their work constitutes wage theft, deprives the United States of needed tax revenue, and undermines free enterprise by placing Defendants at an unfair competitive advantage.

## CLASS ALLEGATIONS

32. Plaintiffs seek certification of their IMWL and IWPCA claims as a class action in order that the rights of Plaintiffs and the Plaintiff Class, including all overtime and other wages due, statutory damages, prejudgment interest, and any other damages due, be resolved.

33. This action is brought as a class action under Fed. R. Civ. P. 23 because the Plaintiff Class is so numerous that joinder of all class members is impracticable.

34. Plaintiffs and members of the Plaintiff Class have been equally affected by Defendants' failure to pay for all hours worked and the overtime pay violations of Defendants. While the precise number of members of the Plaintiff Class has not been determined at this time, Plaintiffs believe Defendants have employed in excess of 75 persons who have been subject to Defendants' common unlawful pay practices during the statutory periods under the IMWL and IWPCA. Plaintiffs and the Plaintiff Class have been equally affected by Defendants' failure to pay overtime and other earned wages.

35. The Plaintiff Class members still employed by Defendants may be reluctant to file individual claims for fear of retaliation.

36. The issues involved in this lawsuit present common questions of law and fact, which predominate over any variations that may exist between members of the class.

37. Plaintiffs, the Plaintiff Class, and Defendants have a commonality of interest in the subject matter and remedy sought.

38. Plaintiffs are able to fairly and adequately represent and protect the interests of the Plaintiff Class.

39. Plaintiffs' Counsel is competent and experienced in litigating large wage and hour class action lawsuits.

40. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Plaintiff Class, to the Court, and to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

41. The books and records of Defendants are material to Plaintiffs' case as they disclose the hours worked by each employee and what each employee was paid for that work.

### COUNT I – ILLINOIS MINIMUM WAGE LAW
### (Class Action)

42. Plaintiff incorporates paragraphs 1-41 as though fully set forth herein.

43. This Count arises from Defendants' violation of the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*, for their failure to pay Plaintiffs and the Plaintiff Class at the overtime rate for all hours worked in excess of forty (40) per workweek.

44. Plaintiffs and the Plaintiff Class were entitled to be compensated for all work performed.

45. Pursuant to the IMWL, for all weeks during which Plaintiffs and the Plaintiff Class worked in excess of forty (40) hours, they were entitled to be compensated at the overtime rate.

46. Defendants violated the IMWL by failing to compensate Plaintiffs and the Plaintiff Class at the overtime rate for all hours worked in excess of forty (40) per workweek.

WHEREFORE, Plaintiffs Michelle Singer and Alyson Singer, on behalf of themselves and all other similarly situated persons, known and unknown, respectfully request that this Court enter an order as follows:

a) Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3);

b) Appointing Plaintiffs as Class Representative and their Counsel as Class Counsel;

c) Awarding judgment in an amount equal to all unpaid back pay owed to Plaintiffs and all others similarly situated pursuant to the IMWL;

d) Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

e) Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

f) Awarding reasonable attorneys' fees and costs incurred in filing this action;

g) Entering an injunction precluding Defendant from violating the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.*; and

h) Ordering such other and further relief as this Court deems appropriate and just.

## COUNT II – ILLINOIS WAGE PAYMENT AND COLLECTION ACT
**(Class Action)**

47. Plaintiff incorporates paragraphs 1-41 as though fully set forth herein.

48. Defendants were obligated to pay Plaintiffs and members of the Plaintiff Class at least their regular hourly rates for all hours worked.

49. Because Defendants' rounding policy always rounds employees' time to Defendants' benefit, Defendants did not pay Plaintiffs and members of the Plaintiff Class the compensation they were due for all the hours worked.

50. Defendants violated the IWPCA by failing to properly compensate Plaintiffs and other members of the Plaintiff Class for all the hours worked each week.

WHEREFORE, Plaintiffs Michelle Singer and Alyson Singer, on behalf of themselves and all other similarly situated persons, known and unknown, respectfully request that this Court enter an order as follows:

a) Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23;

b) Appointing Plaintiff as Class Representatives and their Counsel as Class Counsel;

c) Awarding judgment in an amount equal to all unpaid back pay owed to Plaintiff and all others similarly situated pursuant to the IWPCA;

d) Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

e) Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 115/14(a);

f) Awarding reasonable attorneys' fees and costs pursuant to 820 Ill. Comp. Stat. 115/14(a);

g) Entering an injunction precluding Defendant from violating the IWPCA; and

h) Ordering such other and further relief as this Court deems appropriate and just.

## COUNT III – FAIR LABOR STANDARDS ACT
### (Collective Action)

51. Plaintiff incorporates paragraphs 1-31 as though fully set forth herein.

52. This Count arises from Defendants' violations of the FLSA, 29 U.S.C. § 201, et seq., for its failure to pay Plaintiffs and all others similarly situated individuals at the overtime rate for all hours worked in excess of forty (40) per workweek.

53. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by Defendants' failure to comply with 29 U.S.C. §§ 206 – 207. Plaintiffs attach as Group Exhibit A their Notices of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

54. All past and present hourly employees of Defendants who were not paid at the overtime rate for all hours worked in excess of forty (40) per workweek are similarly situated to Plaintiffs in that Defendants applied their compensation policies, which violate the FLSA, on a company-wide basis for at least all members of the Plaintiff Class.

55. All past and present employees, including Plaintiffs, are or were engaged in job duties and responsibilities integral and indispensable to the operation of Defendants' business, and neither Plaintiffs nor any other member of the Plaintiff Class have received proper overtime compensation for all hours worked over forty (40) in one workweek.

56. Defendants' failure to pay compensation for all time worked and, as a result, their failure to pay compensation at the overtime rate for all hours worked over forty (40) per workweek, is a willful violation of the FLSA, since Defendants' conduct shows that they either knew that their conduct violated the FLSA or showed reckless disregard for whether their actions complied with the FLSA.

57. Plaintiffs' experiences are typical of the experiences of the putative class members.

58. For all members of the Plaintiff Class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire Plaintiff Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

59. The members of the Plaintiff Class who are still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

WHEREFORE, Plaintiffs Michelle Singer and Alyson Singer, on behalf of themselves and all other similarly situated persons, known and unknown, respectfully request that this Court enter an order as follows:

a) Awarding judgment for back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

b) Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

c) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

d) Awarding reasonable attorneys' fees and costs incurred in filing this action;

e) Entering an injunction precluding Defendants from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

f) Awarding such additional relief as the Court may deem just and proper.

## COUNT IV – ILLINOIS WAGE PAYMENT AND COLLECTION ACT
(Individual Named Plaintiffs Only)

60. Plaintiff incorporates paragraphs 1-31 as though fully set forth herein

61. Plaintiffs were "employees" of Defendants, as defined by the IWPCA, 820 Ill. Comp. Stat. 115/2.

62. Defendants were "employers" of Plaintiffs as defined by the IWPCA, 820 Ill. Comp. Stat. 115/2.

63. Defendants automatically charge employees five dollars for food if the employee works a double shift (hereinafter referred to as "food charge") – even if the employee does not actually eat any of Defendants' food.

64. For example, Defendants charged Plaintiffs five dollars for food when they worked a double shift, even though Plaintiffs brought their own food from home, or bought food from another restaurant during their meal period.

65. Defendants deducted the food charges from Plaintiffs' wages.

66. Defendants did not receive Plaintiffs' authorization (written or otherwise) to deduct the food charges from their wages at the time of the deductions.

67. Defendants violated the IWPCA, 820 Ill. Comp. Stat. 115/1 et seq., by making unlawful deductions from Plaintiffs' wages.

68. As a result of Defendants' violations of the IWPCA, Plaintiffs have not been paid for all wages earned during the ten (10) years preceding the filing of this Complaint.

WHEREFORE, Plaintiffs Michelle Singer and Alyson Singer respectfully request that this Court enter an order as follows:

    a)    Awarding judgment in an amount equal to all unpaid wages owed to Plaintiff pursuant to the IWPCA;

    b)    Awarding prejudgment interest on the unpaid wages in accordance with 815 Ill. Comp. Stat. 205/2;

    c)    Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 115/14(a);

    d)    Awarding reasonable attorneys' fees and costs incurred in filing this action; and

    e)    Ordering such other and further relief as this Court deems appropriate and just.

Dated: January 30, 2014                                      Respectfully submitted,

| | |
|---|---|
| Alejandro Caffarelli, #06239078 | MICHELLE SINGER, and ALYSON |
| Bradley Manewith, #06280535 | SINGER, on behalf of themselves and all |
| Caffarelli & Siegel Ltd. | other similarly situated persons, known and |
| Two Prudential Plaza | unknown, |
| 180 North Stetson Ste. 3150 | |
| Chicago, IL  60601 | |
| Tel. (312) 540-1230 | By: /s/  Bradley Manewith |
| Fax (312) 540-1231 |     Attorney for Plaintiffs |