

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| MICHELLE SINGER, and ALYSON SINGER, on behalf of themselves and all other similarly situated persons, known and unknown, | |
| Plaintiffs, | |
| v. | Case No. 14-CV-0670 |
| | Judge Virginia M. Kendall |
| LOCKPORT BEEF, LLC, ORLAND BEEF, LLC, ROMEOVILLE BEEF, LLC, ELMHURST BEEF, LLC, MOTTO BROTHERS, LLC, MMM PARTNERSHIP LLC and MICHAEL MOTTO, individually, | Magistrate Judge Jeffrey T. Gilbert |
| Defendants. | |

## FINAL ORDER AND JUDGMENT

This matter coming before the Court on the Motion For Final Approval Of Settlement, the Court finding that due notice has been given and that class members have been given a full and fair opportunity to make any objections to any of the relief sought therein, and the Court having reviewed the pending motions and petitions and all submissions with respect thereto, and the Court having held a hearing in open Court upon said motions and petitions and the class members having been given notice thereof and an opportunity to object thereto, and the Court otherwise having been fully advised in the premises, it is hereby ordered, adjudged and decreed:

      1.     The Court finds that the Notice of Proposed Settlement, in a form previously approved by this Court, was provided in accordance with the Class Action Settlement Agreement (hereinafter the "Settlement Agreement," attached hereto as Exhibit A and incorporated herein) to the persons on the class list and fully and accurately informed said persons of all material elements of the parties' Settlement Agreement. The Court further finds that this notice

constituted the best notice practicable under the circumstances, constituted valid, due and sufficient notice and complied fully with Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution.

2.     The Court finds that certification of the proposed class for the Illinois Minimum Wage Law and Illinois Wage Payment and Collection Act claims alleged in Counts I, II and IV of the Amended Complaint for purposes of effectuating this settlement satisfies all requirements of Fed. R. Civ. P. 23.   The following class is certified for purposes of effectuating the settlement:

> All individuals who are currently employed by one of the Defendants in an hourly position or who previously worked for one of the Defendants at any time between January 1, 2004 and May 22, 2014 in a position where the individual's wages were reported to ADP. The Defendants for purposes of certifying this class are: Lockport Beef, LLC, Orland Beef, LLC, Romeoville Beef, LLC, Elmhurst Beef, LLC, Motto Brothers, LLC, MMM Partnership LLC and/or Michael Motto (Hereinafter, the "Class").

3.     The Court finds that, after proper notice to the Class and sufficient opportunity to object to the Settlement Agreement, there were no objections.   The Court finds that the Settlement Agreement is fair, adequate, reasonable and in the best interests of the class certified in this case.   The settlement of the class claims is hereby approved, and the motion for final approval of the Settlement Agreement is granted.

4.     The Court finds that the no individuals have opted out of the Class.

5.     The list of the Class Members that have not opted out of the settlement, which is attached as Exhibit B, is hereby approved.

- 2 -

6. The Court preliminarily certified a collective action under 29 U.S.C. §216(b) for the Fair Labor Standards Act claim alleged in Count III of the Amended Complaint that consists of:

> All individuals employed by one of the Defendants between June 15, 2011 and May 22, 2014 in an hourly position where the individual's wages were reported to ADP and the individual returned a valid Claim Form and Opt-in Consent within three years of the last day worked and by the court ordered deadline for opting-in. The Defendants for purposes of certifying this collective are: Lockport Beef, LLC, Orland Beef, LLC, Romeoville Beef, LLC, Elmhurst Beef, LLC, Motto Brothers, LLC, MMM Partnership LLC and/or Michael Motto (Hereinafter, the "Collective").

7. The Court finds that the list attached as Exhibit C identifies the individuals within the Collective who filed a timely Consent. The Court finds that these individuals are properly before this Court as party plaintiffs pursuant to 29 U.S.C. §216(b), subject to the Court's jurisdiction, eligible to participate in the settlement and subject to this order and all future orders or rulings from this Court.

8. The Court finds that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Named Plaintiffs, the Class and the Collective. As such, it is hereby approved and the motion for final approval of the Settlement Agreement is granted.

9. The Settlement Agreement is hereby entered as an order of the Court, and the parties are hereby ordered to make performance as required under the terms of the Settlement Agreement.

10. The Court approves the payments set forth on the Final Class List attached as Exhibit D. The Court further approves an incentive payment of $2,500 to each of the Named Plaintiffs, which is in addition to each individual's class distribution. The Court finds the incentive payments to be reasonable compensation for the time, effort and expense incurred in the prosecution of this case.

11.     Within the time period provided by the Settlement Agreement, Defendants are directed to make the payments set forth in the Final Class List.

12.     Counts I, II and IV of the Amended Complaint are hereby dismissed on the merits with prejudice and without the assessment of costs, attorneys' fees or expenses, except as provided by paragraph 16 of this Order, with regard to the Named Plaintiffs and every individual identified on the Final Class List attached as Exhibit B.

13.     Count III of the Amended Complaint is hereby dismissed on the merits with prejudice and without the assessment of costs, attorneys' fees or expenses, except as provided by paragraph 16 of this Order, with regard to the Named Plaintiffs and every individual identified on the Collective List attached as Exhibit C.

14.     The releases set forth in Paragraph 11 of the Settlement Agreement by the Named Plaintiffs, the Collective and the Class are hereby approved.

15.     A permanent injunction is issued barring and enjoining the Named Plaintiffs, the Collective and the individuals identified on the Final Class List from asserting, commencing, prosecuting, or continuing any of the claims released by Paragraph 11 of the Settlement Agreement against the Defendant.

16.     In light of their efforts on behalf of Plaintiffs and the Class, Class Counsels' petition for attorneys' fees and costs in the amount of $50,000 (which is equal to one-third of the settlement fund) is granted and is to be paid by Defendants per the terms of Paragraph 6 of the Settlement Agreement.

17.     The Court finds that this Order disposes of all remaining claims in the Amended Complaint and is a final judgment pursuant to Fed. R. Civ. P. 54, which is immediately appealable and enforceable.

Date: _____11 – 5 -14_____     Enter: _____

Honorable Virginia M. Kendall
Presiding Judge

# Exhibit

# A

## CLASS ACTION SETTLEMENT AGREEMENT

THIS CLASS ACTION SETTLEMENT AGREEMENT ("Agreement"), executed on June____, 2014 is made and entered into by Michelle Singer and Alyson Singer (referred to throughout this Agreement as "Named Plaintiffs") and the Settlement Class and Collective (as defined below in paragraph 2) on the one hand, and Lockport Beef, LLC, Orland Beef, LLC, Romeoville Beef, LLC, Elmhurst Beef, LLC, Motto Brothers, LLC, MMM Partnership, LLC, and Michael Motto, and any and all related entities (collectively referred to throughout this Agreement as "Defendants") on the other hand, to voluntarily and completely settle and resolve the individual and class claims as specified below.

### RECITALS

WHEREAS, Named Plaintiffs, on behalf of themselves and other similarly situated individuals, filed a civil action in the Northern District of Illinois currently captioned *Michelle Singer, et. al. v. Lockport Beef, LLC, et al.*, Case No. 14-cv-0670, raising various wage claims as a § 216(b) collective action under the Fair Labor Standards Act ("FLSA"), and Rule 23 class action under the Illinois Minimum Wage Law ("IMWL") and Illinois Wage Payment and Collection Act ("IWPCA"), as alleged in the Complaint, and Amended Complaint ("Lawsuit");

WHEREAS, Defendants specifically deny the claims raised in the Lawsuit and believe they have defenses thereto, and further specifically deny any wrongdoing or legal liability to any individual or group of individuals, including but not limited to Named Plaintiffs and members of the Settlement Class and Collective, arising out of the allegations, theories, and/or claims raised in the Lawsuit, including but not limited to those relating to unpaid wages;

WHEREAS, the parties wish to avoid further controversy, litigation, legal fees and costs, and risk inherent in any litigation, and enter this Agreement to finally and fully resolve all claims by and between Named Plaintiffs on their behalf and on behalf of the Settlement Class and Collective, on the one hand, and Defendants on the other hand, including but not limited to any and all claims for unpaid wages, unpaid overtime, deductions from wages, liquidated damages and/or statutory penalties and the like, and attorneys' fees and costs against Defendants as asserted in the Lawsuit;

WHEREAS, the Parties agree to the certification of the Settlement Class and Collective for the sole purpose of effectuating this Agreement;

WHEREAS, this Agreement is not intended to constitute, and does not constitute, any admission by Defendants of any liability or violation of any federal or state laws, statutes or regulations, or as to the merits, validity or accuracy of any of the allegations, theories, and/or claims raised in the Lawsuit.

## PROVISIONS

NOW, THEREFORE, in consideration of the provisions, covenants and mutual promises contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereby agree as follows:

1.  <u>Recitals.</u>  The Recitals set forth above, including all definitions designated or stated therein, are incorporated by reference as integral provisions of this Agreement.

2.  <u>Settlement Class and Collective Defined.</u>  The Settlement Class is defined as all individuals who are currently employed by one of the Defendants in an hourly position or who previously worked for one of the Defendants at any time between January 1, 2004 and May 22, 2014 in a position where the individual's wages were reported to ADP (hereinafter, "Settlement Class"). The Collective is defined as all individuals employed by one of the Defendants between June 15, 2011 and May 22, 2014 in an hourly position where the individual's wages were reported to ADP and the individual returned a valid Claim Form and Opt-in Consent within three years of the last day worked and by the court ordered deadline for opting-in.

3.  <u>Good Faith Settlement Negotiations.</u>  The parties' settlement negotiations have been conducted in good faith and at arm's length, and Named Plaintiffs, for their own benefit and in their representative capacity on behalf of the Settlement Class and Collective, and their attorneys believe the settlement to be fair, adequate and reasonable and in the best interests of the Named Plaintiffs and the Settlement Class and Collective.  This Agreement is intended to memorialize the terms of the settlement agreed to by the parties at the conclusion of settlement negotiations.

Caffarelli & Siegel, Ltd. ("Class Counsel") has conducted a thorough investigation into the facts of the Lawsuit, and have diligently pursued investigation and prosecution of Class Members' claims against Defendants. Based on their own independent investigation and evaluation, Class Counsel is of the opinion that the settlement with Defendants for the consideration and on the terms set forth in this Agreement is fair, reasonable, adequate, and in their best interest of the Class and Collective in light of all known facts and circumstances, including the risk of significant delay, the risk of loss or limited recovery, and the defenses asserted by Defendants.

Defendants and Defendants' counsel also agree the settlement as stated in this Agreement is reasonable and fair. Defendants have denied and continue to deny any liability with respect to any of the facts or claims raised against them and have various affirmative defenses to the pleaded claims. Nonetheless, Defendants have concluded after substantial investigation and negotiation, after carefully considering the circumstances of the claims and defenses being asserted herein, the substantial costs associated with proceeding that it is in their best interests to enter into this settlement in order to avoid further expense, inconvenience and burden of protracted litigation, and the distraction and diversion associated with litigation, to avoid the risks inherent in uncertain complex litigation, and to avoid the expense and risks inherent in any possible future litigation amongst parties raising similar claims.

4.     <u>Settlement Fund.</u> The total amount to be paid by Defendants in settlement of the claims resolved by this Agreement is $150,000, One Hundred Fifty Thousand Dollars, ("Settlement Fund"). Settlement awards will be distributed on a claims-made basis.

5.     <u>Service Award.</u> Defendants will pay Named Plaintiffs $2,500, from the Settlement Fund, each for their services in having acted as class representatives. Defendants shall provide Named Plaintiffs with an IRS Form 1099 for their service awards.

6.     <u>Attorneys' Fees and Costs.</u> Class Counsel, Caffarelli & Siegel Ltd., will petition the court to approve an award of $50,000 (representing 1/3 of the Settlement Fund) in attorneys' fees and costs, which shall be paid from the Settlement Fund. Defendants agree they will not oppose such application. Should the Court for whatever reason reduce the amount of attorneys' fees to which it believes Class Counsel is entitled, this settlement agreement will remain in effect and will under no circumstances be deemed null and void. Defendants shall provide Class Counsel with a check for the court approved attorneys' fees (up to $50,000) within 14 days of the Effective Date of the settlement, as defined in Paragraph 17.

7.     <u>Settlement Administrator.</u> The parties agree that Class Counsel shall generally be responsible for administering the class settlement. Specifically, Class Counsel's responsibilities shall include: (1) calculating each Class Member's share of the Settlement Fund; (2) sending each Class Member a copy of the Court approved Notice and Claim Form; (3) receiving completed Claim Forms returned by Class Members; (4) providing Defendants with the names of each Class Member that returns a Claim Form; and (5) sending settlement checks to each Class Member that returns a completed Claim Form. The parties agree that Defendants shall be responsible for issuing the actual settlement checks and a W-2 to each Class Member returning a valid Claim Form by the deadline.

Any fees incurred by Class Counsel in administering the class settlement are included as part of the attorneys' fees and costs outlined in paragraph 6. To the extent Defendants incur any fees and costs as a result of their obligations as outlined in this paragraph, they shall be independently responsible for such costs and fees separate and apart from the Settlement Fund.

8.     <u>Settlement Administration and Distribution</u>

    a.   <u>Settlement Administration.</u> Each Class Member returning a valid Claim Form by the deadline (hereinafter "Claiming Class Member") shall be allocated a proportionate share of the Settlement Fund after the Settlement Fund has been reduced by (1) court-approved attorneys' fees and costs (as specified in Paragraph 6); (2) court-approved service awards (as specified in Paragraph 5); (3) a lump sum amount equal to a $20.00 minimum payment for each member of the Settlement Class; and (4) an additional $20 lump sum payment for each member of the Collective. The Settlement Fund as reduced by the foregoing amounts shall be referred to as the "Remaining Settlement Fund." The settlement shares for all Claiming Class Members shall be determined according to the formula below and distributed on a claims-made basis.

b. <u>Distribution of Funds.</u> Settlement Awards to the Settlement Class will be made on a claims-made basis. Each Claiming Class Member's proportionate share shall be determined by Class Counsel based upon the following formula:

    i. Each Claiming Class Member shall receive one share for every week or portion of a week worked between January 30, 2004 and May 22, 2014. The resulting calculation for each Claiming Class Member is the "Individual Class Member Numerator."

        1. Each Claiming Class Member's weeks worked will be determined based upon ADP's weekly/quarterly time records for Defendants.

        2. For the weeks during the class period in which ADP does not have any weekly/quarterly time records (i.e. prior to May 2007), Claiming Class Member's weeks worked will be approximated based upon their annual IRS Form W-2. Specifically, the Claiming Class Member will be credited with working 26.67 hours per week (which is the pro-rata hours per week assuming two part-time employees for every one full-time employee), at $8.00 per hour (which was the average hourly rate during that time period).

    ii. Add up all the Individual Class Member Numerators to obtain the "Total Class Member Denominator."

    iii. To determine the "Resulting Decimal" for each Claiming Class Member, divide the Class Member's Individual Class Member Numerator by the Total Class Member Denominator.

    iv. To determine the settlement share for each Claiming Class Member, multiply the Resulting Decimal for each Class Member by the Remaining Settlement Fund (resulting in the Class Member's "Settlement Share").

    v. The Settlement Share for each Claiming Class Member shall be added to the $20.00 flat payment to determine the Claiming Class Member's Settlement Award. Although a $20.00 flat payment will be set aside for each Class Member, only Claiming Class Members will actually receive the $20.00 flat payment with their Settlement Share.

    vi. Each Claiming Class Member that is also a member of the Collective shall receive an additional $20 lump sum payment in addition to the individual's Settlement Share and the $20 lump sum payment for all Claiming Class Members.

c. <u>List of Claiming Class Members.</u> Class Counsel shall provide Defendants' counsel with a list of the Claiming Class Members and the Settlement Award for each such individual at least 14 days before the Fairness Hearing.

Each Claiming Class Member's Individual Settlement Award will be taxable wages, and Defendants will make appropriate withholdings from the Settlement Award. Defendants shall be responsible for all employer-paid taxes on the Settlement Award, including FICA, FUTA and state unemployment. Defendants shall deliver the checks for the Claiming Class Members to Class Counsel within fourteen (14) days of the Effective Date of the settlement, as defined in Paragraph 17.

9. <u>Rejection of Claims</u>. Class Counsel shall make the claim forms available to Defendants on or before seven (7) days after the final date in which a Class Member's claim form may be postmarked. Defendants shall have seven (7) days after all claims are made available to challenge any claim which Defendants determine does not relate to a Settlement Class Member or is otherwise invalid; it will send the Claim Form to Class Counsel, with the reasons for its objection. If Defendants and Class Counsel or claimant disagree as to any claim, Class Counsel or claimant may bring the disputed claim before the Court. If Class Counsel or the Court determines that any claim is invalid, Class Counsel will mail to the claimant a notice of rejection stating the reasons for such rejection.

10. <u>Unclaimed Payments.</u> In the event any settlement payments are returned as undeliverable and/or payment checks are not cashed or negotiated within ninety (90) days of the original mailing, and as a result, there are monies left unclaimed in the Settlement Fund, those amounts will be held for a period of two (2) additional months in order to resolve potential disputes that may arise regarding the distribution of settlement funds. The Parties agree that if any Claiming Class Member fails to cash or negotiate a settlement check within ninety (90) days of mailing, if the check is returned as undeliverable, or if payment cannot be made to a Settlement Class Member due to failure to submit a claim form, Defendants shall be released from any obligation to that individual.

The combined total of any unclaimed Settlement Fund amounts shall be allocated to a charitable <u>cy pres</u>, The Employee Rights Advocacy Institute for Law & Policy.

11. <u>Release.</u> Upon final approval of this Agreement, the court shall enter a judgment wherein:

    a. the Named Plaintiffs, along with their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns, waive, release, and discharge any and all claims against Defendants, including each defendant's current and former affiliates, related entities, parent corporations, franchisor, subsidiaries, representatives, successors, assigns, employees, managers, agents, officers, directors, and attorneys. This release is comprehensive and includes all claims (including claims for costs or attorneys' fees), damages, causes of action, and disputes of any kind whatsoever, whether known or unknown, anticipated or unanticipated, contingent, or otherwise, occurring or that could be alleged to have occurred prior to execution of this settlement agreement. The Named Plaintiffs understand and agree the claims they are releasing include (but are not limited to) any and all claims for wages, employee benefits, bonus payments, reinstatement, back pay, front pay, injunctive relief, equitable relief and damages arising under:

(a) any federal, state, local or foreign law relating to employment discrimination, retaliation or employee rights (including the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and Family Medical Leave Act,); (b) any federal, state, local or foreign law relating to employment or termination rights and/or benefits (including the Employee Retirement Income Security Act of 1974 ("**ERISA**"), the Worker Adjustment and Notification Act, and any state equivalent); (c) any federal, state, local, or foreign law relating to wage and hour law (including the Equal Pay Act and the Fair Labor Standards Act); and (d) any other basis for legal or equitable relief whether based on express or implied contract, tort, statute or other legal or equitable ground that in any way relates to the Named Plaintiffs' employment with Defendants, reputation, benefits, compensation, separation from employment or any claim that the Named Plaintiffs were retaliated against for engaging in protected activity.

b. the members of the Collective, along with their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns, release and discharge Defendants, including each defendant's current and former affiliates, related entities, parent corporations, franchisor, subsidiaries, representatives, successors, assigns, employees, managers, agents, officers, directors, and attorneys, from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, liquidated damages, damages, causes of action, of whatever kind or nature, whether known or unknown, that they have, may have had, or could have alleged or did allege in the Complaint or subsequent amendments that relate in any way to the payment of wages, deductions from wages, payment of overtime compensation or the failure to pay overtime compensation under the Fair Labor Standards Act, the Illinois Minimum Wage Law or the Illinois Wage Payment and Collection Act between January 30, 2004 and the date the Court enters the Final Approval Order and Fed. R. Civ. P. 54 judgment. The matters released by the Claiming Class Members also include any breach of contract claims and any state common law wage claims, including, but not limited to claims of unjust enrichment and quantum meruit; and any and all claims pursuant to or derived from The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., that arise from any alleged failure to pay wages, including any claims for benefits under any benefit plans subject to ERISA that arise from any such alleged failure.

c. The Claiming Class Members not in the Collective and the Settlement Class members who do not opt out of the Settlement Class but fail to submit claim forms, along with their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns, release and discharge Defendants, including each defendant's current and former affiliates, related entities, parent corporations, franchisor, subsidiaries, representatives, successors, assigns, employees, managers, agents, officers, directors, and attorneys, from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs,

expenses, attorneys' fees, liquidated damages, damages, causes of action, of whatever kind or nature, whether known or unknown, that they have, may have had, or could have alleged or did allege in the Complaint or subsequent amendments that relate in any way to the payment of wages, deductions from wages, payment of overtime compensation or the failure to pay overtime compensation under the Illinois Minimum Wage Law or the Illinois Wage Payment and Collection Act between January 30, 2004 and the date the Court enters the Final Approval Order and Fed. R. Civ. P. 54 judgment. The matters released also include any breach of contract claims and any state common law wage claims, including, but not limited to claims of unjust enrichment and quantum meruit; and any and all claims pursuant to or derived from The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., that arise from any alleged failure to pay wages, including any claims for benefits under any benefit plans subject to ERISA that arise from any such alleged failure.

12.     Settlement Class List. Defendants shall provide to Class Counsel a list of the Settlement Class Members that shall include each individual's name, approximate dates of employment, and last known address in electronic format within seven (7) days of the Court's preliminary approval of this Agreement. Defendants will represent and warrant that the list of Settlement Class Members is accurate and complete as to the individuals identified. The last known addresses will be compiled based on the most recent W-2 issued to each individual, unless Defendants are aware of a more recent address. To the extent Defendants have not provided Class Counsel the foregoing information for a potential Settlement Class Member, such individual retains all rights under the Fair Labor Standards Act, Illinois Minimum Wage Law, Illinois Wage Payment and Collection Act, and any applicable wage laws.

13.     Class Notice. The Parties will seek court approval to mail the Class Notice and Claim Form attached hereto as Exhibit 1 to all Settlement Class Members. The final court approved Class Notice and Claim Form shall be mailed by U.S. Mail, postage prepaid, by Class Counsel to all Settlement Class Members at their last known address within fourteen (14) days of receiving the Settlement Class List from Defendants. Class Counsel shall provide written certification of the completion of the mailing of the Class Notice within 14 days of said completion.

The costs of (i) providing Notice to the Settlement Class Members and (ii) administering the settlement process including all costs of distributing the payments are included as part of Class Counsel's attorneys' fees and costs as outlined in paragraph 6. As outlined in paragraph 7, the Parties agree that Defendants shall be independently responsible for any costs incurred in issuing the settlement checks and/or providing Class Members with a W-2 reflecting the Settlement Award.

14.     Final Order Approving Settlement. A Fairness Hearing shall be set no less than 110 days from the Court's entry of an order preliminarily approving this settlement. No more than seven (7) days before the Fairness Hearing, Class Counsel shall file a motion for final approval of the settlement that includes: (i) the proposed final approval order attached as Exhibit 2; (ii) a list of the Settlement Class Members that have not opted out of the settlement; (iii) a list of the Claiming Class Members along with the payment to be received by each such member;

(iv) a list of the members of the Collective; and (v) a list of the Settlement Class Members that effectively opted out of the settlement. Upon the court's final approval of this Agreement, judgment shall be entered providing for, among other things: (i) a determination that the certification of the Settlement Class and Collective was appropriate for the purpose of effectuating this Agreement; (ii) entry of a final judgment pursuant to Fed. R. Civ. P. 54 in this Lawsuit dismissing all Plaintiffs', Collective Members' and Settlement Class Members' claims with prejudice, with the exception of the claims of those Settlement Class Members that opted out by the deadline, without the assessment of costs; (iii) the award of attorneys' fees consistent with Paragraph 6; (iv) the release of the claims of the Named Plaintiffs, Claiming Class Members and Settlement Class Members that did not opt out, consistent with Paragraph 11; and (v) a permanent injunction barring and enjoining the Named Plaintiffs, Claiming Class Members and Settlement Class Members that did not opt out from asserting, commencing, prosecuting or continuing any of the claims released. To the extent permissible, the Court shall retain jurisdiction for 180 days after the entry of the Final Approval Order for the sole purpose of implementation and enforcement of the terms of the Settlement.

15.     Approval by the court.     This Agreement is expressly contingent on final approval by the Court. If this Agreement is not approved by the court or one of the conditions for the Effective Date in Paragraph 17 cannot be met, this Agreement shall be cancelled and terminated and shall not be used in the Lawsuit or in any other proceeding or for any other purpose, and any orders entered by the court in accordance with the terms of this Agreement shall be vacated *nunc pro tunc* with the parties reverting to their original positions as though this Agreement had never been executed. Any order certifying a class or collective action shall likewise be vacated, and in that event, the Parties retain their respective rights to seek or oppose class certification either as a collective action and/or a Rule 23 class action.

16.     Right of Exclusion.     All Settlement Class Members who properly file a timely written request for exclusion from the Settlement Class shall be excluded from the Settlement Class and shall have no rights as Settlement Class Members pursuant to this Agreement. To be effective, the request for exclusion must (i) include the Settlement Class Member's full name, address and telephone number, (ii) dates of employment with Defendants, and, (iii) specifically state his/her desire to be excluded from the settlement. The request must be mailed to Class Counsel and Counsel for Defendants. A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than the one designated in the Class Notice, or that is not received within the sixty (60) day period described in paragraph 7, or the time specified by the Court, shall be invalid and the person(s) serving such a request shall remain a Class Member and shall be bound as a Class Member by the settlement of the Lawsuit, if approved. Class Counsel shall provide a list of all individuals who have successfully opted out of the settlement to Defendants' counsel within 90 days of the mailing of the Class Notice.

17.     Effective Date of Agreement.     No distribution of the settlement funds by Class Counsel shall be made under this Agreement unless and until seven (7) days after the last of the following occur: (i) the Court enters a Final Approval Order, or (ii) if any objection is filed, the date for filing an appeal from such Final Approval Order has expired or, (iii) if there are appeals, the settlement and judgment has been affirmed in all material respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer subject to

further appeal or review. The date seven (7) days after the last of these conditions have been met, will be deemed the "Effective Date."

Defendants shall provide Class Counsel with a report identifying whether each Settlement Check has been cashed or remains uncashed no later than fourteen (14) days after the ninety (90) day period for Class Members to cash or negotiate their Settlement Check closes, so that Class Counsel can calculate unclaimed payments to be distributed to the final *cy pres* amount pursuant to Paragraph 10. Defendants shall forward a check to Class Counsel for the *cy pres* within fourteen (14) days of Class Counsel informing it of the final *cy pres* amount.

18.    Advice of Counsel. The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully the above and foregoing Agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

19.    Authority. The signatories hereby represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties hereto to the terms and conditions hereof.

20.    Benefit of this Agreement. This Agreement shall be binding upon and inure to the benefit of the Parties hereto, the members of the Settlement Class not opting out, and each of their successors, predecessors, affiliates, heirs, executors and assigns.

21.    Entire Agreement. Any and all prior understandings and agreements between the Parties with respect to the subject matter of this Agreement are merged into and with this Agreement, which fully and completely expresses the entire agreement and understanding of the Parties with respect to the subject matter hereof. This Agreement may be amended, modified or changed only by a written instrument or instruments executed by duly authorized officers or other representatives of all Parties expressly amending, modifying or changing this Agreement and may not be amended, modified or changed orally.

22.    Applicable Law.    This Agreement shall be governed by and construed in accordance with the laws of the State of Illinois.

23.    Severability.    Should any provision of this Agreement be declared or be determined by any court or agency to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby, and said illegal and invalid provision or term shall be deemed not to be part of this Agreement, provided that such portion of this Agreement that has or may become unenforceable is not a material part or the essence of any party's bargain hereunder.

24.    Counterparts. This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute the same instrument. Signatures provided by facsimile or other electronic means (i.e. Adobe Acrobat, etc.) shall be deemed legal and binding for all purposes.

25. <u>Headings</u>. The headings in this Agreement are for convenience of reference only and are not to be taken to be a part of the provisions of this Agreement, nor to control or affect meanings, constructions or the effect of the same.

26. <u>Non-Admission of Liability</u>. Neither the making of this Agreement nor anything stated in this Agreement shall be construed as an admission by Defendants of any fact alleged by Plaintiffs or of the merits of any claim of liability, Defendants expressly denying all such facts and claims of liability. This Agreement shall not constitute evidence of any violation of law by Defendants. The Agreement shall not be admissible in any case other than this Lawsuit and only for the purpose of enforcement of this Agreement.

27. <u>Notice to Counsel</u>. Where notice is required to be provided to counsel or where materials are required to be sent to counsel, then such requirements shall be satisfied by providing such notice or sending such materials to:

In the case of Defendants:
Gary R. Clark
Quarles & Brady LLP
300 N. LaSalle St., Ste. 4000
Chicago, IL 60654

Kristi Nelson
Chen Nelson Roberts Ltd.
203 N. LaSalle St., 15th Flr.
Chicago, IL 60601

In the case of Plaintiffs and the Class:
Bradley Manewith
Caffarelli & Siegel
Two Prudential Plaza
180 N. Stetson, Ste. 3150
Chicago, Illinois, 60601

-- REMAINDER OF PAGE INTENTIONALLY LEFT BLANK --

IN WITNESS WHEREOF, and intending to be legally bound hereby, Named Plaintiffs and Defendants have executed the foregoing Agreement.

_Michelle Singer_ (signature)
Michelle Singer

Dated: 6/19/14

_Alyson Singer_ (signature)
Alyson Singer

Dated: 6/19/14

_____
Lockport Beef, LLC

Dated: _____

_____
Orland Beef, LLC

Dated: _____

_____
Romeoville Beef, LLC

Dated: _____

_____
Elmhurst Beef, LLC

Dated: _____

_____
Motto Brothers, LLC

Dated: _____

_____
MMM, LLC

Dated: _____

_____
Michael Motto

Dated: _____

11 of 11

IN WITNESS WHEREOF, and intending to be legally bound hereby, Named Plaintiffs and Defendants have executed the foregoing Agreement.

_____       Dated: _____
Michelle Singer

_____       Dated: _____
Alyson Singer

_____       Dated: 6/23/2014
Lockport Beef, LLC

_____       Dated: _____
Orland Beef, LLC

_____       Dated: 6/23/2014
Romeoville Beef, LLC

_____       Dated: _____
Elmhurst Beef, LLC

_____       Dated: _____
Motto Brothers, LLC

_____       Dated: _____
MMM, LLC

_____       Dated: 6/23/2014
Michael Motto

IN WITNESS WHEREOF, and intending to be legally bound hereby, Named Plaintiffs and Defendants have executed the foregoing Agreement.

_Michelle Singer_      Dated: 6/19/14
Michelle Singer

_Alyson Singer_      Dated: 6/19/14
Alyson Singer

_____      Dated: _____
Lockport Beef, LLC

_Matthew A. Motto_      Dated: 6/23/14
Orland Beef, LLC

_____      Dated: _____
Romeoville Beef, LLC

_Matthew A. Motto_      Dated: 6/23/14
Elmhurst Beef, LLC

_Matthew A. Motto_      Dated: 6/23/14
Motto Brothers, LLC

_Matthew A. Motto_      Dated: 6/23/14
MMM, LLC

_____      Dated: _____
Michael Motto

11 of 11

IN WITNESS WHEREOF, and intending to be legally bound hereby, Named Plaintiffs and Defendants have executed the foregoing Agreement.

_____     Dated: _____
Michelle Singer

_____     Dated: _____
Alyson Singer

_____     Dated: 6/23/2014
Lockport Beef, LLC

_____     Dated: _____
Orland Beef, LLC

_____     Dated: 6/23/2014
Romeoville Beef, LLC

_____     Dated: _____
Elmhurst Beef, LLC

_____     Dated: _____
Motto Brothers, LLC

_____     Dated: _____
MMM, LLC

_____     Dated: 6/23/2014
Michael Motto

11 of 11

# Exhibit

# B

| Last Name | First name |
|---|---|
| Aguilar | Arturo |
| Aiken | Rebecca |
| Avers | Megan |
| Andrews | Ashley |
| Antele | Mario |
| Arends | Ashley |
| Arnold | Ashley |
| Banke | Stephanie |
| Bardach | Leah |
| Barroso | Elsa |
| Barry | Kelly |
| Bauer | Catherine |
| Beaton | Andrea |
| Behan | Thomas |
| Bellinger | Jennifer |
| Bemis | Stephanie |
| Blocker | Jeffrey |
| Boes | Amanda |
| Carleon-Facio (maiden name Bondi) | Mariangela |
| Boonstra | Brooke |
| Borla | Alivia |
| Messina (maiden name Bowen) | Dana |
| Babovak (maiden name Bowen) | Denise |
| Bowen | Heather |
| Branham | Michelle |
| Brest | Erica |
| Brindza | Brittany |
| Brito | Alfonso |
| Brito | Francisco |
| Brookhouse | Laura |
| Bruss | Megan |
| Bruss | Melissa |
| Burns | Michael |
| Butzen | Jamie |
| Calhoul | David |
| Camarena | Luis |
| Candos | Brian |
| Cardinal | Lance |
| Carlson | Samantha |
| Carrano | Brittany |
| Carranza | Cynthia |
| Carter | Kyle |
| Castroyon | Wendi |
| Chavez | Jessica |
| Cemmons | Christine |
| Coutier | Deborah |
| Coners | Jennifer |
| Conrad | Ashley |
| Conrad | Michelle |
| Constantino | Roseann |
| Cuellar | Martin |
| Dake | Kelsey |
| Danel | Tracy |
| Dangeles | Loren |
| Daltomo | Staci |
| Debruyn | Ronald |
| Dedic | Elizabeth |
| Dettmering | Brian |
| Divirio | Mark |
| Doolittle | Cole |
| Doron | Jason |
| Eichen | Margaret |
| Escobedo | Alex |
| Exiu | Ellen |
| Faber | Kendelle |
| Fabus | Colleen |
| Falaschetti | Guido |
| Farrell | Kate |
| Faurie | Kristen |
| Ferrantelli | Jordan |
| Ferrantelli | James |
| Fikejs | Emerald |
| Finlon | Emily |
| Flores | Marissa |
| Ford | Victoria |
| Frausto | Daniel |
| Fritz | Elizabeth |
| Fulton | Lindsey |
| Galemb | Shelly |
| Garcia | Jose |
| Gatermann | Veronica |
| Gerx | Emilee |
| Gevas | Nicole |
| Geving | Sara |
| Gleeson | Kirstin |
| Glowacz | Monika |

| | |
|---|---|
| Godinez | Jose |
| Goetzke | Eric |
| Gomez | Roberto |
| Gonzales | Angela |
| Greminger | Caitlyn |
| Guera | Bryanna |
| Guzman | Alfredo |
| Hansen | Jessica |
| Hansen | Page |
| Heath | Jordan |
| Hermida | Victor |
| Hernandez | Ivan |
| Herold | Stefani |
| Hooton | Laura |
| Impellena | Emily |
| Isom | Cathryn |
| James | Alexander |
| James | Andrew |
| Johnson | Pamela |
| Jungiewicz | Kaitlin |
| Jungman | Heather |
| Kanbej | Alison |
| Kaup | Brittany |
| Kenoe | Charles |
| Kennedy | Erin |
| Kerins | Sean |
| Kokes | Angiea |
| Koschatz | Christina |
| Kozar | Colin |
| Krueger | Amanda |
| Lecour | Jonathon |
| Lalawiec | Lee |
| Lebeau | Laura |
| Lerman | Courtney |
| Leshon | Brock |
| Lesniewski | Heather |
| Lirhart | Marian |
| Lipford | Kelly |
| Liskiewicz | Tyler |
| Lode | Sarah |
| Luchsinger | Donna |
| Lynch | Mary |
| Magiera | Sybi |
| Maher | Korryne |
| Mahoney | Mary |
| Maksymkiv | Nazar |
| Marquardt | Daniel |
| Martens | Danaele |
| Mathas | Ashley |
| Mccarthy | Allison |
| Mccluskey | Riley |
| Mcinorey | Amy |
| Mcgovern | Colleen |
| McWilliams | Matt |
| Mei | Rebecca |
| Meincx | Page |
| Mendez Lopez | Gustavo |
| Mendez | Miguel |
| Mercado | Abraham |
| Miniskiewicz | Kelsey |
| Miniskiewicz | Kyle |
| Monahan | Hannah |
| Mora | Rolando |
| Morehouse | Brett |
| Morris | Kelly |
| Mullins | Kyle |
| Munsell | Ashley |
| Murphy | Corinne |
| Murphy | Mary |
| Nagel | Amanda |
| Navarro | Nichoias |
| Nevens | Michael |
| Norberg | Lauren |
| Nordsell | Michael |
| O'Boyle | Matthew |
| O'Donoghue | Sarah |
| Pacheo | Jorge |
| Pacin | Christina |
| Palumbo | Brandon |
| Pancerz | Jeffrey |
| Perez | Jorge |
| Pixler | Kaitlyn |
| Pnkowski | Kristina |
| Pollock | Caroline |
| Pritchard | Stacey |
| Ramirez | Erin |
| Ramirez | Hilario |
| Ramos | Jeanette |
| Reid | Zach |

| | |
|---|---|
| Renfrow | Marry |
| Robertson | Heather |
| Robles | Victor |
| Rodriguez | Kelly |
| Rodom | Scott |
| Rogainy | Lauren |
| Rosinski | Sara |
| Rurz | Samuel |
| Russell | Laura |
| Ryan | Kelly |
| Ryan | Shannon |
| Sahlstrom | Greg |
| Sales | Erubey |
| Sammons | Stephanie |
| Sanguino | Juan |
| Saucedo | Margarito |
| Sawicki | Eric |
| Sawyer | Kelly |
| Schroeder | James |
| Schroeder | Jillian |
| Siano | Samantha |
| Sieja | Katelyn |
| Sieja | Stephanie |
| Siemenec | Samantha |
| Simak | Jessica |
| Singer | Alyson |
| Singer | Michelle |
| Siuda | Jonathon |
| Skimoles | Lauren |
| Skubisz | Matthew |
| Smith | Megan |
| Solorzano | Blas |
| Sorensem | Jessica |
| Sostarich | Judy |
| Soto | Patricia |
| Soto | Serafin |
| Spaci | Ashley |
| Stanfa | Michelle |
| Stanley | Donna |
| Stantz | Kristy |
| Stege | Katelyn |
| Stock | Stephen |
| Strauss | Tyler |
| Sturt | Carolyn |
| Tapia | Giovanni |
| Termunde | Lauren |
| Tlatempa | Benjamin |
| Torres | Crystal |
| Toth | Ryan |
| Towery | Michelle |
| Trevino | Rachel |
| Trujillo | Jesus |
| Uriel | Roman |
| Valdiva | Jose |
| Valdiva | Juan |
| Valdivia | Andres |
| Valdivia | Jose |
| Valdivia | Miguel |
| Valunas | Amy |
| Vidal | Atanasio |
| Voss | Jennifer |
| Vuillaume | Judy |
| Waldvogel | Deanna |
| Wallace | Natalie |
| Welsh | Kameron |
| Weidman | Christian |
| Werenckma | Kelly |
| Widmer | Therese |
| Wilcox | Michelle |
| Williams | Samantha |
| Wright | Marisa |
| Wyeha | Bobbi |
| Wyman | Lainey |
| Wymer | Brittany |
| Wysocki | Gavan |
| Zuri | Christian |

# Exhibit

# C

| NAME |
| --- |
| Aguilar, Arturo |
| Banike, Stephanie |
| Bardach, Leah |
| Blocker, Jeffrey |
| Boris, Alyse |
| Branham, Michelle |
| Brindra, Brittany |
| Brito, Francisco |
| Brookhouse, Laura |
| Bruss, Melissa |
| Carlson, Samantha |
| Carrano, Brittany |
| Carreno-Fatio (maiden name Bondi), Mariangela |
| Clouter, Deborah |
| Coners, Jennifer |
| Durbin, Mark |
| Doolittle, Gale |
| Faber, Kendelle |
| Falaschetti, Guido |
| Farrell, Katie |
| Faurie, Kristen |
| Fritz, Elizabeth |
| Gavrig, Sara |
| Giowacz, Monika |
| Godinez, Jose |
| Greninger, Caitlyn |
| Hansen, Jessica |
| Hermida, Victor |
| Herpold, Stefani |
| Hoonton, Laura |
| Impalaria, Emily |
| James, Alexander |
| Johnson, Pamela |
| Kambic, Allison |
| Kehoe, Charles |
| Kokes, Angela |
| Kozar, Colin |
| Lacour, Jonathon |
| Leiman, Courtney |
| Leshon, Brock |
| Liskiewicz, Tyler |
| Maher, Korrina |
| Marquardt, Daniel |
| Michusky, Riley |
| Minaskiewicz, Kelsey |
| Minaskiewicz, Kyle |
| Mora, Rolando |
| Nordbell, Michael |
| O'Boyle, Matthew |
| O'Donoghue, Sarah |
| Picker, Kaitlyn |
| Pritchard, Stacey |
| Ramirez, Milacio |
| Rogalny, Lauren |
| Ruiz, Samuel |
| Russel, Laura |
| Sawyer, Kelly |
| Sega, Stephanie |
| Simak, Jessica |
| Singer, Alyson |
| Singer, Michele |
| Siuda, Jonathon |
| Skiniotes, Lauren |
| Soto, Patricia |
| Speicl, Ashley |
| Stanley, Donna |
| Startz, Kristy |
| Stege, Katelyn |
| Stock, Stephen |
| Termunde, Lauren |
| Tlatempa, Benjamin |
| Towery, Michelle |
| Valdiva, Jose |
| Valdiva, Juan |
| Valdiva, Jose |
| Valdiva, Miguel |
| Walshogel, Deanna |
| Wallace, Natalie |
| Weerdisma, Kelly |
| Williams, Samantha |
| Wyman, Lainey |

# Exhibit

# D

| Last Name | First name | Total Settlement Payment |
|---|---|---|
| Aguilar | Arturo | $2,907.36 |
| Aiken | Rebecca | $768.16 |
| Babović (Bowen) | Denise | $823.56 |
| Banks | Stephanie | $386.37 |
| Bardach | Leah | $1,522.47 |
| Barroso | Elisa | $47.71 |
| Barry | Kelly | $948.27 |
| Bauer | Catherine | $200.11 |
| Bemis | Stephanie | $989.84 |
| Blocker | Jeffrey | $81.56 |
| Boonstra | Brooke | $657.32 |
| Borla | Ayse | $788.16 |
| Branham | Michelle | $552.63 |
| Brindza | Brittany | $47.71 |
| Brito | Francisco | $178.55 |
| Brookhouse | Laura | $802.01 |
| Bruss | Megan | $1,844.84 |
| Bruss | Melissa | $3,614.34 |
| Burns | Michael | $726.60 |
| Candiss | Brian | $255.53 |
| Carlson | Samantha | $885.14 |
| Carrano | Brittany | $134.98 |
| Carreon-Fabio (Bondi) | Mariangela | $663.47 |
| Chavez | Jessica | $47.71 |
| Cloutier | Deborah | $164.69 |
| Coners | Jennifer | $109.27 |
| Divizio | Marc | $982.11 |
| Doolittle | Gale | $899.00 |
| Faber | Kendella | $150.84 |
| Fabius | Colleen | $421.79 |
| Faraschetti | Guido | $1,314.64 |
| Farrell | Katie | $1,550.18 |
| Faurie | Kristen | $2,048.95 |
| Ferrantelli | Lorea | $740.45 |
| Finkle | Emily | $1,557.68 |
| Fritz | Elizabeth | $1,702.58 |
| Geving | Sara | $1,037.55 |
| Glowacz | Monika | $594.19 |
| Godinez | Jose | $81.56 |
| Granzeger | Caityn | $372.32 |
| Hansen | Jessica | $524.92 |
| Hermida | Victor | $223.11 |
| Herold | Stefani | $1,924.26 |
| Hooton | Laura | $2,575.43 |
| Inguanzo | Emaly | $206.26 |
| James | Alexander | $1,453.19 |
| James | Andrew | $281.24 |
| Johnson | Pamela | $1,827.27 |
| Jungiewicz | Kaitlin | $671.18 |
| Kambic | Alison | $1,092.97 |
| Kaup | Brittany | $158.55 |
| Kehoe | Charles | $1,965.82 |
| Kokes | Angiea | $150.84 |
| Kozar | Colin | $109.27 |
| Krueger | Amanda | $421.79 |
| Larour | Jonathon | $1,000.94 |
| Lerman | Courtney | $289.39 |
| Leshon | Brock | $538.77 |
| Liskiewicz | Tyler | $705.03 |
| Luchsinger | Donna | $516.98 |
| Maher | Korryne | $220.11 |
| Marquardt | Dane | $635.76 |
| Mathias | Ashley | $269.39 |
| McClusky | Riley | $621.90 |
| Messina (Bowen) | Dana | $1,246.93 |
| Miskiewiecz | Kelsey | $511.06 |
| Miskiewiecz | Kyle | $3,517.56 |
| Mora | Rolando | $178.55 |
| Nesens | Michael | $1,718.00 |
| Northall | Michael | $954.42 |
| O'Boyle | Matthew | $220.11 |
| O'Donoghue | Sarah | $968.56 |
| Pickler | Kaitlyn | $523.13 |
| Pritchard | Stacey | $1,196.82 |
| Ramirez | Hilario | $150.84 |
| Ramos (Stanfa) | Michele | $975.98 |
| Reid | Zach | $512.63 |
| Roggne | Lauren | $691.19 |
| Rosinski | Sara | $144.69 |
| Ruiz | Samuel | $192.40 |
| Russell | Laura | $774.31 |
| Sawyer | Kelly | $691.18 |
| Schroeder | James | $504.92 |
| Sieja | Stephanie | $81.56 |
| Simak | Jessica | $220.11 |
| Singer | Alyson | $1,273.08 |

| | | |
|---|---|---|
| Sager | Mihaela | $1,674.87 |
| Suda | Jonathan | $2,381.44 |
| Seikotes | Lauren | $815.87 |
| Seuoxi | Matthew | $1,183.89 |
| Sutu | Patricia | $2,533.87 |
| Speidl | Ashley | $938.77 |
| Stanley | Donna | $3,282.03 |
| Starts | Kristy | $414.09 |
| Slege | Katelyn | $885.14 |
| Stock | Stephani | $150.84 |
| Termunde | Lauren | $247.82 |
| Tialampa | Benjamin | $178.55 |
| Torres | Crystal | $477.21 |
| Toth | Ryan | $283.24 |
| Towery | Michelle | $347.82 |
| Trujillo | Jesus | $61.56 |
| Valdiva | Jose | $2,852.53 |
| Valdiva | Juan | $601.18 |
| Valdivia | Jose | $178.55 |
| Valdivia | Miguel | $178.55 |
| Vorlaume | Judy | $4,425.83 |
| Wadvogel | Deanna | $53.85 |
| Wallace | Natalie | $330.55 |
| Wierxbma | Keily | $815.87 |
| Widmer | Therese | $394.08 |
| Williams | Samantha | $109.27 |
| Wright | Marsa | $101.13 |
| Wydra | Bobbi | $158.55 |
| Wyman | Loney | $150.84 |
| Wyman | Brittany | $657.32 |
| Wysocki | Devan | $330.84 |